Good morning, your honors, and may it please the court. My name is Ryan Chapman, and along with my co-counsel, Giuliana Magnosco, we represent the appellant, Mr. Aaron Hahn. I will be addressing Mr. Hahn's equitable tolling claim under Washington law, while my co-counsel will address his equitable tolling claim under federal law. And we will both answer questions to the other issues as the court requires. We are reserving two minutes of our time for rebuttal. Your honors, we are here because the Eastern District Court sua sponte dismissed Mr. Hahn's timely file complaint without notice once venue became improper as to the remaining defendants, but stated to quote, plaintiff has leave to bring these claims in the appropriate district court. The only way for Mr. Hahn to do so was for the lower court here to grant equitable tolling under these unique circumstances. And that is the error we are challenging today. Under Washington law, Mr. Hahn was entitled to equitable tolling because the Eastern District Court's dismissal created the time gap and otherwise still would get plaintiff from filing his case. In In re bonds, a majority of the justices on the Washington Supreme Court spread across a concurrence and a dissent, recognized that a sufficiently egregious court error would form the basis for equitable tolling. And that view was later adopted by the majority of the court in In re Carter. Now this court can look to those cases and conclude that this is the situation foreseen by the Washington Supreme Court. Here, Mr. Hahn timely filed his original complaint in the Eastern District. And when that court dismissed it, it created the time bar that prevented Mr. Hahn from having his claim refiled in the Western District. How much time did he have left on the statute of limitations? One day? One day, Your Honor, yes. When did he receive notice that his case had been dismissed? Your Honor, the record is silent on that matter. The logical conclusion is that it was less than the four months he took to refile it. And as a pro-state inmate, that period is a reasonable period in which he could refile this case. Well, I think the issue is whether or not he received notice before the statute of limitations had run. And so you've answered my question. I didn't see in the record where that was clear. I'm assuming, based upon mail, he was in custody, things of that sort. He didn't know until his remaining one day on the statute had run. Most likely. Is that a fair assumption? Yes, Your Honor. All right. And because Mr. Hahn's case was dismissed and he had no prior notice, as Your Honor pointed out, by the time he possibly received notice, the statute of limitations had already run. Thus, equitable tolling was necessary for Mr. Hahn to be able to refile his case in the Western District. Do you think the district court judge in the Eastern District of Washington, that that judge knew he or she made the decision to dismiss, as opposed to transfer, what the situation was with the statute of limitations? Well, Your Honor, the record is unclear on that. However, if the Eastern District Court judge was to sua sponte raise the venue issue, knowing when the assault occurred and when Mr. Hahn filed, then the judge should have known that his dismissal would have created the time bar. OK. If the court has no proof. Counsel, isn't the, don't you have a problem with respect to qualifying for equitable tolling if the reason is based on either bad faith or malfeasance by a third party, simply because of an adverse decision by the district court? That's not enough, is it? It is, Your Honor. Because a majority of the justices in In re Bonds recognized that would be a potential reason for equitable tolling, a view which was later adopted by the full Washington Supreme Court in In re Carter. Thus, the court's decision would form the basis. If the court has no further questions, my co-counsel will now address the federal tolling argument. Sure. May it please the court. I am Juliana Mignasco, also counsel for the appellant, Mr. Aaron Hahn, and I will speak on the issue of federal tolling. As my co-counsel explained, this court can grant Mr. Hahn equitable tolling under Washington law based on the egregious court error. However, if this court is ultimately unpersuaded by that argument, then this court must grant federal tolling, as it would be inconsistent with Section 1983 to deny relief based solely on court error that prevents a litigant from vindicating his federal rights. It has long been held that federal courts do not mechanically apply state tolling provisions to Section 1983 claims. Rather, courts assure that the importation of state law does not frustrate federal rights or policies. The chief policies underlying Section 1983 are compensation for civil rights violations and the deterrence of governmental abuse. And central to Section 1983 actions is that they belong in court, assuring the full availability of a judicial forum. And as a remedial statute, Section 1983 should be liberally and broadly construed in favor of these goals. As my co-counsel explained here, Mr. Hahn originally timely filed in a proper venue when he originally filed in the Eastern District. And it wasn't until the Eastern District dismissed the other defendants that venue suddenly and unexpectedly became improper. And because this was pursuant to a Section 1915A screening, there was no participation by the defendants or report and recommendations that would have possibly alerted Mr. Hahn to a potential lapse in venue. And because Mr. Hahn does not have access to electronic filings, and because the mail system in prisons are slow, he surely would not have received notice of the Eastern District dismissal until after the statute of limitations had passed. Therefore, absent equitable tolling in this case, court error would entirely bar Mr. Hahn from relief in any court. And this is inconsistent with Section 1983's broadly remedial purposes favoring compensation and judicial access. Counsel, let me ask you, where does the Tomanio case, Board of Regents of the University of New York versus Tomanio, where does that fit into this issue? Yes, Your Honor. Tomanio stated that generally, state tolling law is binding on Section 1983 actions, but went on to state that there are extraordinary circumstances where state tolling must not apply and that the court must identify and compare the federal policies to the state tolling provisions. And in that case, the court went on to do that and found that the relevant New York tolling provisions in that case were consistent with Section 1983, but it reaffirmed the duty that courts must assure that the importation of state law does not frustrate federal rights or policies. But why shouldn't that same principle apply here? It should apply here, Your Honor, because in that case, the New York tolling provision was not comparable to Mr. Hahn's situation. In that case, the court found that where there was not a basis for equitable tolling, where a litigant pursued a related but independent cause of action, that that was still consistent with Section 1983. But here, this was totally out of Mr. Hahn's control that court error entirely barred him from relief in any court. He had no notice that venue was going to become an issue, and he surely wouldn't receive notice until after the statute of limitations had passed. Additionally, the Supreme Court case Burnett versus New York Central Railroad Company supports equitable tolling for the court error here. In that case, the court stated that both state and federal jurisdictions have recognized the unfairness in barring a plaintiff's action solely because a prior timely action was dismissed for improper venue after the applicable statute of limitations had passed. This is almost precisely Mr. Hahn's factual posture. And in that case, the court granted equitable tolling, finding that the relevant Federal Employers Liability Act was a remedial statute. And here, too, Section 1983 is a remedial statute that calls for federal tolling. Unless you have any remaining questions, I reserve the time for rebuttal. Thank you. Very good. Thank you. Good morning. May it please the court, I'm Assistant Attorney General Cassie VanRoyen, and I represent defendants' appellees. Hahn filed this action more than three years after he was assaulted by an inmate at a prison which none of the defendants work at. But Hahn's repeated absence of diligence precludes any entitlement to equitable tolling, and this court should affirm. This court can efficiently dispose of the case before you this morning by considering diligence alone, because under any test, whether it be one of the two state or federal tests, Mr. Hahn is obligated to prove that he has been diligent in pursuing his action. And he's failed to do so. Isn't the issue of diligence one that requires some additional fact-finding here? I mean, let's assume, whether it's under Washington law or under federal law, that the case is told, the statute's told. Took him an additional four months or so to file a complaint. Isn't the issue as to whether or not he was diligent during that period of time something that would warrant some additional fact-finding? We can't conclude he was or wasn't based on the record we have now, can we? In this case, you can, Your Honor. Indeed, there have been a number of cases where courts have declined to apply equitable tolling at a pleading stage, and that's exactly here. What we can tell from the record here is that Mr. Hahn waited three years, or minus one day, to file the action. He then- Well, but that's, we can't conclude from that that he was not diligent. He was within the statute of limitations. I mean, lawyers do this all the time. They wait until the last minute to file a claim. That's correct, Your Honor. But what we also know is that Mr. Hahn failed to appeal the Eastern District's dismissal, which is the real issue that he's trying to get at through this case. He failed to appeal that dismissal not once, but twice. And Your Honor, it would be a different case if we were unclear what had happened in those four months. But what we know from the record is that Mr. Hahn was actively and very diligently litigating his habeas corpus petition in the Western District of Washington precisely during that four-month period. We know that he filed a 30-page habeas reply. We know that he filed a notice of appeal. We also know that he filed a motion for extension of time. And so here, based on what's before this court and what Mr. Hahn cannot dispute, this court can affirm the dismissal based solely on diligence alone. Indeed, that's what this court did in Erickson v. Serpis. While unpublished, it's instructive for this court. In that case, the court held that the Ericksons were not diligent as a matter of law and that further factual development was not necessary. When they failed to seek an extension, they failed to seek a reconsideration of a previous dismissal, and they failed to appeal and rather just filed a new untimely action. And that's precisely what Mr. Hahn did here. And so based on those diligence principles or the absence of the diligence here, this court can affirm based solely on that ground and really need not resolve the issue of which equitable tolling test applies. Similarly, the U.S. So you're asking us to conclude based on the fact that he waited until he had one day left on the statute of limitations and then in the interval filed a habeas petition. You're asking us to conclude based on those two facts that he was not diligent in refiling his complaint. Is that right? No, Your Honor. Based on more than that. In Gibbs v. Legrand, the court indicated that the diligence inquiry is both before, during, and after the potentially extraordinary circumstances. And so here, the before factors, as you indicated, is that Mr. Hahn waited until the very day before the expiration of the statute of limitations. I'm not convinced by that one, okay? Your Honor, so in addition to that and his failure to appeal twice, what we also know is that Mr. Hahn waited nearly one year to file for relief from judgment based on the Eastern District previous dismissal. And again, failed to appeal that. All Mr. Hahn had to do in order to a timely, or in order to perhaps undercut the diligence argument was to place the complaint, which he had already drafted for the Eastern District, in the same envelope and send it to the Western District of Washington, which is where he was litigating his habeas petition. But frankly, Your Honor, Mr. Hahn bears some responsibility too. Mr. Hahn was the master of his own complaint, both in the Eastern District and in the Western District. Well, I agree he bears some responsibility. And I agree that there may be facts that indicate that he was not diligent. But my question to you at the outset was, isn't that something that the lower court should look at in terms of, and have a complete factual record in front of it in making that decision? I don't think that's necessary here, Your Honor, for the reasons that I previously indicated. Again, not only based on Erickson's disservice, but in Pace v. DiGuglielmo, which is the United States Supreme Court case, the court found very similar circumstances here where a petitioner in a habeas petition delayed filing the action until the very last minute. The state action until the very last minute, and then waited a whole five months after that action was complete to refile that in federal court. And based on those facts before this court, this court can affirm based on that alone. But even if this court is not convinced, there's a number of other hurdles that Mr. Hahn has to overcome. Specific to Mr. Hahn's argument regarding state equitable polling, it's important that this court consider both the Bonds case, but also the Higigi case, which is the most recent Washington State Supreme Court case regarding equitable polling. And in that case, despite the five vote plurality in Bonds, the Higigi court recognized the traditional civil equitable tolling standard requires defendant bad acts, which is bad faith, deception, deception, or false assurances. And here, Mr. Hahn cannot demonstrate any of those. Moreover, regarding Mr. Hahn's federal equitable tolling, this court relying on federal equitable tolling in this case would be a remarkable departure from federal law. Indeed, if Mr. Hahn's argument were correct, that merely because he was precluded from filing in the Western District, essentially any framework or burden regarding equitable tolling would frustrate the purposes of compensation and deterrence. And we know that can't be the case because this court and the United States Supreme Court have routinely held that equitable tolling is a very narrow exception. And so for this court to venture into that based on the facts of this case would be inappropriate. Indeed, as Your Honor referred to the Tomanio case, there's an interesting quote there that relates very closely to this case. The court held that a state statute cannot be considered inconsistent with federal law merely because the statute causes the plaintiff to lose the litigation. And that's precisely what Mr. Hahn is asking for here. And again, Your Honors, I would like to impress upon this court that the court doesn't even need to really resolve those equitable tolling or which equitable tolling test it needs to apply because under any test, Mr. Hahn must demonstrate that he was diligent and he cannot do so. Well, I'm curious on the diligence question. I've been looking through the record as we've been talking to confirm this. Do we have a declaration from Mr. Hahn on diligence? We do not, Your Honor. But again, whatever facts he can demonstrate or would perhaps be able to demonstrate on remand would frankly be futile because what we know is that Mr. Hahn was able to actively and very capably litigate his habeas petition within those four months. And we also know it's undisputed that Mr. Hahn failed to appeal his Eastern District dismissal not once but twice. Do we know when Mr. Hahn learned that his complaint had been dismissed as opposed to transferred? No, we don't, Your Honor. Isn't that important? When we look at the issue of diligence? I don't believe that it is, Your Honor, because regardless of whether he had the opportunity to refile on that very day, he certainly had the opportunity to appeal that. So whether it was one day or three day or the very day that the statute- To appeal what? The motion that ordered dismissing the case? Yes, Your Honor. Do we know when he learned that, well, it gets to the same issue. Do we know when he learned that his case had been dismissed as opposed to transferred? No, Your Honor. I don't know, again, though, that that exact day matters because what certainly, or I should say what is most likely is that Mr. Hahn received notice of that within those 30 days, and we have no reason to indicate that he didn't. In addition, though, Your Honor, we do know that Mr. Hahn- But isn't that a question of fact that might be important in terms of determining diligence? The exact day that he received it? Sure. When he knew that his case had been dismissed and that he had to refile? I think perhaps as related to the refile, but I don't believe the exact day as related to the appeal. But even if this court disagrees, what we do know is that Mr. Hahn failed to appeal not just that first time, but a second time. And we also know from the record that Mr. Hahn was very aware of his ability to appeal because he obviously appealed this action in his habeas petition. I do see that my time is up, and if the court has no further questions, I would request that this court affirm dismissal. Thank you, counsel. Before you stand up for rebut- No, you may sit down. Thank you. Before rebuttal, is it going to be one of you, two of you? How are you doing this? Just me. All right, very well. Mr. McDonald, if we were to find equitable tolling or if we were looking to find equitable tolling under Washington law, does it require us to conclude that there was egregious court error? No, Your Honor. The key fact is that the court's error is what caused Mr. Hahn's time bar. And I'd like to begin by answering Your Honor's question that yes, this is the type of case where this court should remand for further fact-finding on diligence. In fact, that is exactly what this court did in Spitzen v. Moore, where it remanded the question of whether a plaintiff who waited five months to refile a case was diligent. As Your Honor pointed out, that is a fact-intensive question that this court should remand for further factual development, such as giving Mr. Hahn the opportunity to file a declaration. Well, before we get there, we've got to toll the statute of limitations. Of course, Your Honor. Yeah, so how do we do that? This court can first look to Washington law and determine based on Bonds and Carter that Washington law applies. As the opposing counsel pointed out, Hagigi is not control in this case. Because it was factually similar to Bonds, it does not deal with the question of court error. And lastly, if this court is ultimately confused as to what Washington law says, it has the option to at minimum certify this question to the Washington Supreme Court. And that is what this court should do at minimum instead of determining that Carter and Bonds do not apply. If the court has no- But even applying, Counsel, even applying Bonds, I'm less familiar with Carter, the standard still is stronger. Is it not bad faith or malfeasance? Not just mere error. Your Honor, that is the traditional standard, but Carter and Bonds expand that slightly for a court error that causes a plaintiff to be entirely barred from court. And that is what happened here. Thank you, Your Honor. Thank you very much for your argument. This matter is submitted and I thank the Pepperdine for providing the law students in this pro bono argument. Thank you. I agree.
judges: O'scannlain, Owens, Christensen